# Third District Court of Appeal
## State of Florida

Opinion filed June 11, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1577
Lower Tribunal No. 22-20782-CA-01
_____

**Idalberto Bueno,**
Appellant,

vs.

**Rancho La Florida LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Joey Gonzalez, Attorney P.A., and Joey D. Gonzalez, for appellant.

Kondla & Associates, P.A., and M. Emelina Mejer-Kondla, for appellees.

Before FERNANDEZ, SCALES and LOBREE, JJ.

SCALES, J.

In this case involving a joint venture to breed pedigree cattle, after the jury returned a verdict for appellees Ruben Ruiz Velasco and Rancho La Florida LLC, appellant Idalberto Bueno appealed both the final judgment and the trial court's interlocutory order granting appellees a judgment on the pleadings on appellant's conversion count.

We affirm the trial court's interlocutory order granting appellees a judgment on the pleadings because, without a tort independent from the alleged breach of contract, a party cannot recover in tort for the same damages the party seeks in its breach of contract count. Island Travel & Tours, Ltd. v. MYR Indep., Inc., 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) ("It is a fundamental, long-standing common law principle that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract."); Peebles v. Puig, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) ("[W]hen a contract is [allegedly] breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law.").

We also affirm the trial court's decision to decline to give appellant's proposed special jury instructions on damages for the alleged breach of the oral joint venture agreement. The trial court did not abuse its discretion by finding that the pleadings and trial testimony did not support Bueno's proposed instructions that sought to define the parties' respective losses

2

under their agreement. <u>Llompart v. Lavecchia</u>, 374 So. 2d 77, 80 (Fla. 3d DCA 1979) (recognizing that "issues upon which instructions are required are those formulated by the pleadings and presented by the evidence").

Affirmed.